THE STATE OF KANSAS, *Appellee*, v. L. JENNINGS,
*Appellant.*

No. 17,759.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Witness—Cross-examination.* Where in a
criminal action a witness for the state has on direct examina-
tion testified to incriminating facts, it is proper on cross-
examination, for the purpose in good faith of testing his mem-
ory and accuracy, to inquire if he was not drunk at the time
referred to.

2. ———— *Same.* If however the court in such case sustains an
objection to such cross-examination and tenders to the de-
fendant permission to recall the witness after the evidence for
the state is closed, the error is not prejudicial.

Appeal from Sedgwick district court, division No. 1.
Opinion filed March 9, 1912. Affirmed.

*S. B. Amidon, Jean Madalene,* and *J. A. Conly,* for the
appellant.

*John S. Dawson,* attorney-general, and *George Mc-
Gill,* county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant was convicted of a viola-
tion of the prohibitory liquor law—for making a sale.
Two questions only are presented. (1) A witness who
had testified to buying one drink of the defendant and
drinking it on a certain day was asked on cross-exami-
nation if he had drunk any before on that day, and other
similar questions; to all of which objections were made
and sustained. Thereupon counsel for appellant made
the following offer of proof:

"Now I desire to show by this witness on the cross
examination that prior to the time he went into the
building known as the Yankee Tavern on the 23rd day
of February he had been to several other places in this

50—86 KAN.

city; at least, four or five, and had taken at least four or five drinks and that at that time that he was in there, he was intoxicated and drunk."

To which objection was made and sustained. In making this ruling the court announced:

"The Court will permit it when the defendant reaches his own evidence. This is defensive matter."

We think the offer of proof should have been allowed as a part of the cross-examination but it is largely a matter in the discretion of the court. When appellant reached his defense the witness could have been recalled and asked the questions as on cross-examination. The witness had been produced by the state and confronted the appellant. The attention of the jury was called to the situation. While erroneous, the ruling does not appear to have been prejudicial.

(2) It is contended that the court erred in overruling a motion to vacate and set aside the verdict by reason of a remark made by the county attorney in the closing argument to the jury. The appellant, to rebut evidence of guilt, had offered evidence, it seems, of his good reputation as a law-abiding citizen. The state thereafter offered counter evidence. Some of the witnesses called by the state for this purpose said that they did not know appellant's general reputation. As to one of these, the county attorney, in commenting upon the preference of a witness to testify to the good reputation rather than to the bad reputation of his neighbors, made the following remark:

"It is easy enough to produce witnesses to testify to the good character of any person. The defendant had no trouble to produce witnesses to testify to his good character. People will testify to the good character of anyone; but you see how hard it was for us to attempt to show his character. We introduced one witness who I believe knew of the character of the defendant, and knew it to be bad; but he refused to testify to it. You will remember I was unable to get anything out of that witness. People do not like to testify to the

reputation of a person being bad and for that reason I could not prove the general reputation of the defendant as a peaceable and law-abiding citizen to be bad."

This amounted to a statement of the prosecutor to the jury that he had failed in his evidence on this point, and whatever criticism it contained was of a witness for the state and not for the appellant. We do not think the remarks were prejudicial to the appellant.

The judgment is affirmed.